# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY STRICKLAND,

    Petitioner,

vs.

STATE OF NEVADA, *et al.*,

    Respondents.

Case No. 2:14-cv-01281-JCM-CWH

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

Petitioner's application to proceed *in forma pauperis* establishes that the petitioner qualifies for *in forma pauperis* status. He shall be granted leave to proceed *in forma pauperis,* and shall not be required to pay the filing fee for his habeas corpus petition. The petition will be ordered filed and docketed.

Petitioner challenges a 2004 criminal conviction in state district court. The court will not order the petition served on respondents, because it appears likely that the petition was filed outside the AEDPA one-year limitations period, and may be subject to dismissal on that basis. 28 U.S.C. § 2244(d)(1). The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. Specifically, and in pertinent part, the statute reads:

>   (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>   > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   >
>   > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   >
>   > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   >
>   > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The AEDPA statute of limitations has serious implications for petitioner. According to the petition, petitioner was convicted on November 3, 2004. Petitioner signed his federal habeas petition and dispatched it for mailing on July 30, 2014. It appears likely that the petition was filed well outside the AEDPA one-year limitations period. Petitioner will be granted an opportunity to demonstrate either that he submitted his federal habeas corpus petition in a timely manner, or that he is entitled to equitable tolling of the one-year limitations period imposed by the AEDPA, as specified at the conclusion of this order.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Petitioner shall not be required to pay a filing fee to file his habeas corpus petition. The habeas corpus petition shall be **FILED** and docketed by the clerk of court.

**IT IS FURTHER ORDERED** that within **thirty (30) days** from the date of entry of this order, petitioner **SHALL FILE** points and authorities, together with such evidence he may have, that demonstrates either that he submitted his federal habeas corpus petition in a timely manner, or

1  that he is entitled to equitable tolling of the one-year limitations period imposed by the AEDPA.
2  Petitioner's failure to comply with this order will result in the dismissal of this action.
3       **IT IS FURTHER ORDERED** that the clerk shall **NOT** serve respondents with the habeas
4  corpus petition at this time.
5       DATED October 31, 2014.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE