'

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY STRICKLAND,

    Petitioner,

vs.

STATE OF NEVADA, *et al.*,

    Respondents.

Case No. 2:14-cv-01281-JCM-CWH

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

    On October 31, 2014, the court issued an order informing petitioner that his federal habeas corpus petition was filed outside of the AEDPA one-year limitations period, and was subject to dismissal pursuant to 28 U.S.C. § 2244(d)(1). (ECF No. 2). The order directed petitioner to, within thirty days, file points and authorities, along with any evidence he may have, that demonstrates either that he filed his federal habeas corpus petition in a timely manner or that he is entitled to equitable tolling. (*Id.*). On December 5, 2014, petitioner filed an amended petition. (ECF No. 4). However, the amended petition alleges the same facts as were alleged in the original petition. The amended petition does not allege facts to show that petitioner either filed his federal habeas petition in a timely manner or that he is entitled to equitable tolling. As such, this action is dismissed because the petition was not filed within the AEDPA statute of limitations.

1 District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  In order to proceed with his appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*  In this case, no reasonable jurist would find this court's dismissal of the petition debatable or wrong.  The court therefore denies petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE** as the petition is untimely under the AEDPA statute of limitations.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the clerk of court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated May 18, 2015.

_____
UNITED STATES DISTRICT JUDGE